## INDEFINITE CONTINUANCE OF CAUSE BY JUSTICE OF THE PEACE.

Circuit Court of Crawford County.

### E. AND M. J. McGINNISS v. FRANK DICKSON.

Decided, January 28, 1908.

*Justice of the Peace—Authority of, to Grant an Indefinite Continuance —Judgment—Jurisdiction—Execution.*

The continuance of a cause by a justice of the peace for an indefinite period does not work a discontinuance of the cause, where it is done with the consent and at the request of both parties thereto, but the justice retains jurisdiction and is vested with authority at some future time to call the case up and fix a day certain for its trial, although a longer period has elapsed than that fixed by statute.

*S. L. Americus*, for plaintiffs in error.
*B. F. Long*, for defendant in error.

NORRIS, J.; HURIN, J., and DONNELLY, J., concur.

This action was commenced on the 16th day of February, 1905, before a justice of the peace of this county, by E. and M. J. McGinniss against one David Yockey. The trial was set for the 25th day of February, 1905. David Yockey filed a counter-claim on the day preceding the trial day. The counsel for the plaintiffs and the counsel for the defendant met at the office of the justice of the peace on the 24th day of February, 1905, and by the agreement of both parties the case was adjourned "indefinitely," says the record of the justice of the peace. Up to about the 1st day of October, 1905, nothing had been done in the case. On this date, on application of counsel for the defendant, the case was by the justice of the peace set

for trial on the 16th day of October, 1905. The justice of the peace, on the 1st day of October, 1905, notified the plaintiffs by letter that he had set the case for trial on the 16th day of October, 1905, at 10 o'clock A. M. It is conceded in the record that the plaintiffs received this letter and were therefore informed. On the 16th day of October, 1905, and at 10 o'clock A. M. of that day, the time fixed by the justice of the peace for trial, the defendant came, but the plaintiffs failed to appear, either in person, or by counsel, at the time set for the trial, or within one hour thereafter. Whereupon the justice of the peace dismissed the plaintiffs' bill of particulars, and, on motion of the defendant, proceeded with the case on defendant's counter-claim, and upon the evidence, and entered judgment for the defendant against the plaintiffs. On the 23d day of October, 1905, the plaintiffs' counsel appeared and ordered a transcript of the findings to be carried up on error, says the record. I make these statements in preface and by way of introduction to the action in error, so that the facts recited hereafter may be more fully understood.

It appears that execution was issued in the aforesaid action from the justice of the peace's court, on defendant's default judgment against the plaintiffs, being obtained on defendant's counter-claim. The constable, Frank Dickson, the defendant in error in this action, levied the execution. Thereupon, the plaintiffs in error commenced this action in replevin before a justice of the peace against Frank Dickson as constable, to recover possession of the property thus taken by Dickson. The case reached the common pleas court on appeal. The petition in the common pleas court does not seem to be an action against Dickson as constable, but against him personally. The petition claims that Frank Dickson wrongfully attached, etc., the property described in the petition to which the plaintiffs have the right of immediate possession, etc. The answer avers that Frank Dickson is constable, etc., and denies. The reply admits that Frank Dickson claims the property as constable and avers that the execution upon which the property was taken is null and void—that the judgment of David Yockey against E. and M. J. McGinniss upon which execution issued is void. These

issues in the action in replevin came on for trial in the common pleas court of this county on its merits and, at the close of plaintiffs' evidence, on motion of defendant's counsel, the court directed the jury to return its verdict for the defendant, and that at the commencement of this action the defendant had the right of possession of the property described in the petition. The plaintiffs' motion for a new trial was overruled and judgment was entered on the verdict for the defendant.

The errors assigned in the petition in error for the reversal of the judgment and findings of the common pleas court, are:

(1) Error in directing the verdict for the defendant; (2) that the verdict is against the weight of the evidence, and contrary to law; (3) error in admitting evidence offered by defendant; (4) in rejecting evidence offered by plaintiffs; (5) in the charge; (6) that the verdict is for defendant when it should have been for plaintiffs; (7) in overruling the motion for new trial; (8) in entering judgment for defendant; (9) other errors apparent on an inspection of the record.

It is conceded that execution issued on a "purported judgment" in favor of David Yockey and against E. and M. J. McGinniss in the justice's court. It is not disputed that defendant took possession of the property in dispute under this execution. It is not disputed that the property levied on as the property of the plaintiffs, and the right of possession of defendant rests on the validity of the judgment and the execution under it. If the judgment is an invalid judgment, the execution and the possession of Dickson under it is improper and his detention of the property is wrongful detention. And this is the case, and the only question in it, as we view the case.

It is not contended but what the action of E. and M. J. McGinniss against David Yockey was properly commenced, and that the justice of the peace had jurisdiction, in the beginning, of the person of the parties and of the subject-matter of the suit. It is however contended that the adjournment of the trial of the case "indefinitely" worked a discontinuance of the action and that the justice of the peace thereby lost jurisdiction.

While a justice of the peace would not have the right to adjourn a case on his own motion for a longer period than that

named in the statute, and would not have the right to adjourn
the trial at the request of one of the parties for a longer period
than that fixed by statute, and to do so in either instance would
deprive him of jurisdiction, and while a continuance for an
"indefinite time" and not to a day certain on his own motion,
or at the request of one of the parties only, would mark a de-
termination of the suit, we think that we are warranted in say-
ing that at the request of both parties, an adjournment of the
trial, or a continuance for an "indefinite period" does not work
a discontinuance of the case, but vests the court with such au-
thority that at a later period than that of the day of the original
assignment, the court may fix a day certain for the trial.    He
still has the power to call the case up for the purpose of fixing
a definite day for trial.    We do not see anything unreasonable
in this conclusion.    The adjournment is the act of the justice
of the peace at the request of both parties.    The agreement of
the parties that a day certain should not be then fixed did not
take from the justice of the peace the power to fix a day at a
later period, but was an affirmance of the authority which the
justice of the peace then had, to fix a day, and an agreement
that he might at some future day name a date certain for the
trial of the case.

   This being our view, we find no error and so affirm the judg-
ment at the cost of plaintiffs in error.    Execution is awarded
and the case is remanded for execution.